Baldwin, J.
delivered the opinion of the Court.
It seems to the Court from the evidence adduced on the motion for a new trial, (which evidence was, under the circumstances, properly received by the Circuit court,) that it was the intention of the jury, by their decision, to divide pro rata between Bowman the plaintiff *234 and Moffett the defendant in the action, the proceeds of Liggett's bond; which intention might have been accomplished by the verdict for the plaintiff, if he had made Zirkle a defendant to the action, as well as Moffett, as he ought to have done according to his pretensions of their joint liability to him; but of which failure to do so, in that view of the case, Moffett could not avail himself, inasmuch as it was an objection proper only for a plea in abatement. The intention of the jury, therefore, was not accomplished by their verdict for the plaintiff, the effect of which was, instead of giving Moffett his ratable proportion of said proceeds, to subject him solely to the ratable proportion of Bowman; and the mistake of the jury probably arose from not adverting to the consequence of Zirkle's not being a defendant in the action. But whatever may have been the cause, the mistake itself is established by the evidence, and furnished a sufficient reason for a new trial, unless it had appeared to the Judge that the merits of the case were attained by the verdict of the jury. The Judge, it is true, was satisfied with the verdict, and if the facts upon which his opinion was founded, did not appear from the bill of exceptions, it would be a question proper for consideration, whether this Court would revise his decision. But though the facts actually proved at the trial are not detailed in the bill of exceptions, yet the facts which the evidence given tended to prove, are therein set forth: and by conceding that Bowman's evidence proved all that it tended to prove, and that Moffett's evidence only tended to prove his conflicting pretensions, the question is presented in the most favourable aspect for Bowman, whether the Judge ought to have been satisfied with the verdict.
In this aspect of the case, it appears that one Sanner had placed in the hands of one Strayer, the said bond on said Liggett, which bond was to be converted into money, and the avails to be applied ratably to the *235 several debts respectively due to Bowman and Moffett, who were creditors of Banner ; that the bond was converted into money, which was paid to Moffett and Zirkle, who claimed the same on the pretension that Bowman had refused to accept the arrangement, and that in that event Banner had directed the proceeds to be applied ratably to the several debts due from him to Moffett and Zirkle respectively. The opinion of the Judge was, of course, founded upon the idea that Bowman was entitled to a verdict against Moffett for the whole amount so paid to Moffett and Zirkle, inasmuch as it was paid to them jointly at one and the same time. But it seems to the Court that this idea was incorrect, the money not having been received by Moffett and Zirkle for their joint use, but to be applied ratably, and there being no pretence that Moffett retained more than his own proportion : so that, in substance and effect, each of them appropriated only the sum claimed by himself in discharge of his several debt, and cannot be treated as having received the share of the other: and consequently that Bowman’s right of action was not against both jointly, but against each respectively.
It seems therefore to the Court, that the judgment of the Circuit court is erroneous: And it is considered that the same be reversed and annulled, with costs to the plaintiff in error. And it is further considered that the verdict of the jurors be set aside, and the cause remanded to the Circuit court, for a new trial thereof.